## MOWRY LAPHAM *vs.* LUTHER F. LOCKE.

A justice of the peace may fix the day when a writ shall be returned before himself, by altering the return day of the writ in the hands of the officer before service.

CONTRACT, brought originally before Levi Sherwin, a justice of the peace for Middlesex, who gave judgment for the plaintiff, after overruling a motion filed by the defendant to dismiss the action on the ground that " the said Levi Sherwin, before whom said action is returned, commenced said action, or has been concerned in the institution of said action, and is not competent on that account to try it." The defendant appealed.

On the appeal, in the superior court, before *Putnam,* J., it was agreed by the parties that, on December 21, 1867, a deputy of the sheriff of Middlesex, having received for service the writ, which was dated on that day, observed that it was made returnable before Sherwin on December 23, and consulted with him concerning said return day, " and he, the said justice, thereupon altered the return day, and made the writ returnable before himself on December 28;" that the writ was served, thus altered, and was entered before said justice on December 28; and that the fact of this alteration was the ground of the plaintiff's motion. On these facts, the judge ordered that the action be dismissed; and the plaintiff alleged exceptions.

*J. Gerrish,* for the plaintiff.

*J. Spaulding,* for the defendant.

CHAPMAN, C. J. A justice of the peace is prohibited by the Gen. Sts. *c.* 120, §§ 53, 54, from commencing or being concerned in the institution of a civil action returnable before himself, and from being employed as counsel in such action. His duty is to abstain from doing anything but what an impartial magistrate

may do in respect to the case. He cannot properly act even as the friend of one party, adversely to the other.

But there are some things that he may properly do as a magistrate towards instituting the process. He may prepare a blank writ and sign and seal it; and it cannot be material whether he signs and seals it before or after it is filled up. We see no reason why he may not fix the return day before himself; and it cannot be regarded as aiding either party to do this. And if he may do it while the writ is in blank, there can be no objection to his doing it at any time before it is served. As he has a right to determine that he will be at the place of holding his court on one day rather than another, there is nothing objectionable in the character of the act. It is unlike the correction of an error in the names of parties, or in the declaration, or even in the date; because he can have nothing to do with such alterations except as an attorney or friend of the party.

*Exceptions sustained.*